## NEW YORK, N. H. & H. R. CO. v. O'LEARY.

(Circuit Court of Appeals, First Circuit. April 14, 1899.)

### No. 266.

1. TRIAL—OBJECTION TO EVIDENCE—STATEMENT OF GROUNDS.

    The rule applied that all objections to the admission of evidence must be so specific as to give the other side full opportunity to obviate them at the time, if it can be done.

2. MASTER AND SERVANT—ACTION FOR PERSONAL INJURIES—INSTRUCTIONS.

    In this action by a servant against the master to recover for personal injuries, as the request for an instruction as to contributory negligence was based on an incomplete statement of the facts in issue and bearing on the question, it was properly refused.

3. FEDERAL COURTS—RULES OF DECISION—FOLLOWING STATE DECISIONS.

    The rule applied that questions arising under a common-law count for negligence in a declaration by a servant against the master for personal injuries are not governed, in a federal court, by the decisions of the courts of the state, but are to be determined upon a consideration of all the authorities, and of the principles underlying the general law of master and servant.

4. MASTER AND SERVANT—SAFETY OF APPLIANCES—CARE REQUIRED OF SERVANT.

    Railway Co. v. Archibald, 18 Sup. Ct. 777, 170 U. S. 665, applied, to the effect that an employé has a right to assume that the employer will use reasonable care to make appliances safe, and is not required to exercise ordinary care to ascertain their condition, but assumes the peril only from defects known to him or plainly observable by him.

5. SAME—RESPONSIBILITY OF MASTER FOR ACTS OF AGENTS.

    The rule of Railway Co. v. Barrett, 17 Sup. Ct. 707, 166 U. S. 617, applied, to the effect that, so far as relates to the safety of machinery and appliances furnished by a master for use by the servant, the neglect of the master's agent is his neglect.

6. REVIEW—HARMLESS ERROR.

    It is settled that errors in the giving or refusal of instructions which, under the verdict rendered, could not have prejudiced the plaintiff in error, are not ground for a reversal of the judgment.

7. MASTER AND SERVANT—ACTION BY SERVANT FOR INJURIES—REVIEW.

    A declaration by a servant against a railroad company, to recover for personal injuries, contained three counts,—the first two based on statutes of the state, and the third a common-law count for negligence. The allegations of facts contained in each of the first two counts were sufficient, if established, to support a recovery under the third count. A general verdict for plaintiff was rendered, in an amount within that recoverable under either count. *Held*, that it was immaterial to defendant to which count the verdict was ascribed, or whether there was error in the giving or refusal of instructions relating to the statutory counts, as the facts necessarily found supported a judgment for plaintiff on the third count.

8. APPEAL—HARMLESS ERROR.

    Where the whole case relating to any particular question is expressly stated as such on a writ of error, as in the case at bar, it will be held that exceptions taken at the trial before the jury with reference to any particular question, by the party against whom the verdict was rendered, will not avail that party if it is apparent that a verdict in his favor on that question would have been required by the rules of law to have been set aside by the court below.

In Error to the Circuit Court of the United States for the District of Massachusetts.

Robert W. Nason and Thomas W. Proctor, for plaintiff in error.

Edward H. Pierce, for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

PUTNAM, Circuit Judge. The plaintiff below (now defendant in error) was a brakeman on the freight trains of the plaintiff in error (defendant below). The accident occurred in December, 1897, on the Providence Division, on the main line of the railroad of the plaintiff in error, between two stations, each of which is within the limits of the city of Boston. It is a matter of common knowledge, of which the jury was entitled to avail itself, that on this portion of the line a very large amount of traffic is done; thus making reasonable diligence on the part of the plaintiff in error in caring for its roadbed and its appurtenances to include great promptness and vigilance. The cause of the accident was a guy, supporting a derrick, which was stretched over the tracks of the plaintiff in error by one O'Connell, who was working outside the line of the railroad, under a contract with the city of Boston, changing the location of Stony brook. O'Connell had previously had a guy over the track, but on December 15, 1897, he moved his derrick, and, in that connection, stretched another guy, or moved the old one; the record on this point not being clear, and it not being a matter of any importance for this case whether it was one or the other. O'Connell testified that he had obtained permission from the plaintiff in error, through its superintendent, to move the guy, or to run the additional one, whichever it was. His testimony as to this was not contradicted nor questioned. This is important, showing that O'Connell was not a trespasser in stretching the guy, and that the plaintiff in error knew in advance that it was to be stretched, and so had the opportunity of exercising proper vigilance and care to prevent it from being set so low as to endanger the operation of its railroad. The guy was stretched on the afternoon of December 16th. There was evidence pro and con on the issue whether instructions had been given by the section foreman that the guy must be at least 22 feet above the track. But its height had not been measured, and the record does not show that the flagman who was left by the section foreman to watch the work was given any instrument with which he could measure it. The plaintiff below testified that he came into Boston on a freight train that night on track 2, there being four tracks at that point, and that he did not observe the guy, nor come in contact with it. He would not necessarily have done the latter unless he had been standing on a car, and the guy might have been higher over track 2 than over 3, where he was injured. The next morning his train ran out on track 3, and while he was standing on the top of a car, with his back to the head of the train, exchanging signals with the conductor, the guy struck him in the neck, and caused the injury for which this suit was brought. There was no evidence nor presumption that he either saw the guy in its new position, or that he could have seen it unless he omitted attending to his duties as a brakeman exchanging signals.

There are three counts in the declaration. The third is the usual

count at common law, charging negligence on the part of the plaintiff in error, and alleging care on the part of the defendant in error. Each of the other counts closes with the allegation that it is based on St. Mass. 1887, c. 270. The first refers to that part of the statute which relates to the condition of "ways, works and machinery" of an employer, and the second to that part which relates to the negligence of a person in the service of a common employer, "entrusted with and exercising superintendence." The damages claimed under the third count were $20,000, and under each of the others $4,000, the maximum allowed by the statute. The verdict was a general one for $3,625. Each of the counts which refer to the statute alleges every fact necessary to hold the plaintiff in error liable under the common-law count; so that, as also the damages awarded were less than the statutory maximum, the condition of the plaintiff in error could not have been in any manner impaired by the fact that the jury, in determining its verdict, let it turn on the statutory counts rather than on the common-law count, or vice versa. This observation relates, not only to the question of damages, but to all the other matters involved in the suit.

There were sundry exceptions taken by the plaintiff in error to the rulings of the court on matters of evidence, and a great many exceptions to its rulings and refusals to rule in connection with its charge. The bill of exceptions states that it contains all the evidence except that relating to the extent of the injuries to the defendant in error, which is not material to any exception taken. We are therefore in a condition to determine, not merely how far any ruling or refusal to rule was theoretically correct, but how far it affected the proper result of the suit.

During the course of the trial the court admitted, subject to exception by the plaintiff in error, evidence of the contents of a letter from the road master of the plaintiff in error, permitting the derrick to be moved, and giving directions to the section foreman to send a flagman to do the necessary flagging. This evidence was admitted after the witness, who was the section foreman, had been asked whether he could find the letter, and had answered with an unqualified "no." The only objection found in the record is as follows: "The witness was asked by the plaintiff the contents of the letter. To this the defendant objected." It is impossible to tell from this whether the objection was to the subject-matter of the letter, or to the admission of its contents without further evidence of its loss. The witness' positive answer that he could not find the letter was sufficient to justify the court in admitting proof of its contents, in the absence of anything showing that either party desired to examine the witness further. But, independently of this, if the defendant below had intended to object on the ground that the original of the letter should be produced, it should have stated the grounds of the objection, in order that the court or the other party might have been put on guard, and have made further examination of the witness, if it was deemed proper, and thus possibly have entirely obviated all doubts. The rule has been laid down over and over again by the supreme court, and in such explicit terms as ought to terminate all assignments of errors of this character. It applies wherever the evidence objected to

could be admitted under any circumstances. A full statement of it will be found in Noonan v. Mining Co., 121 U. S. 393, 400, 7 Sup. Ct. 911; and a reference to the general principles underlying it is given in Railroad Co. v. O'Reilly, 158 U. S. 334, 335, 15 Sup. Ct. 830. Its pith is that all objections in the course of a trial must be so specific as to give the other side full opportunity to obviate them at the time, if, under any circumstances, that can be done. The defendant below also objected, in the same general way, to a conversation between one Gaffney, who had charge of the work for O'Connell, and the section foreman, in which the latter forbade the work until a permit from the corporation's officials should be obtained. It would be sufficient to say, also, to this, that this objection was in general terms. All the testimony of this class, however, including the letter, was wholly immaterial, and could not in any way have prejudiced the defendant below. Its effect, and the only effect which any of it could have had, was to satisfy the jury that O'Connell was not a trespasser in stretching the guy, and that the defendant below consented to its being done, and so had notice in advance thereof, as we have already said. This was proved by the testimony of O'Connell to which we have already referred, and therefore we have no occasion to consider further this line of exceptions.

The plaintiff in error requested the following instruction: ·

"If the plaintiff, knowing that work was going on beside the track with the derrick, and that the guy was stretched across the track, which was likely to be moved, paid no attention to it at all, he cannot be said to have been in the exercise of due care, and cannot recover."

The defects appearing on the face of this are frequent in requested instructions, which, instead of merely stating a rule of law, attempt to set out in detail, hypothetically or otherwise, the facts in evidence. It gives only a portion of the elements of the case, in any view of it; and, on this partial statement, it requests the court to take this issue from the jury. It forgets that the plaintiff below had a right to assume that, if the·guy was moved, the defendant below would see to it that it was not left in a dangerous position, and also that there was no evidence that he paid no attention "at all," or that he had, or would have had, any opportunity to learn when the guy would be moved, or that he had, under the circumstances, any opportunity to pay any attention to the matter of its changed position. The court properly instructed the jury that it might consider the fact that this work was going on as an element, in passing on the degree of care used by the plaintiff below, which, on the proofs, was all that the court was required to do, so far as concerns the subject-matter of this request. To have gone further, as the defendant below requested, would have been to have taken from the jury the issue of the plaintiff's care on an incomplete statement of facts.

So far as the statute applies to the first and second counts of the declaration, the plaintiff in error is correct in maintaining that the questions are local, and are ordinarily to be determined by the decisions of the state courts. But so far as concerns the relations to this case of the common law, in Railroad Co. v. Baugh, 149 U. S. 370, 13 Sup. Ct. 914, as well as elsewhere, the supreme court holds

that questions of this character are to be determined by a reference to all the authorities, and a consideration of the principles underlying the relations of master and servant. In Railway Co. v. Archibald, 170 U. S. 665, 18 Sup. Ct. 777, the court, at pages 671 and 672, 170 U. S., and pages 779 and 780, 18 Sup. Ct., observed that an employé has a right to assume that the employer will use reasonable care to make appliances safe, and has a right to deal with those furnished, relying on that assumption. The court also upheld the court below in striking from a requested instruction expressions charging on the employé, in this particular, the necessity of the exercise of ordinary care in ascertaining the condition of his employer's appliances, and left resting on him the peril only of defects "known to him or plainly observable by him." This decision emphasizes the insufficiency of the requested instruction.

The plaintiff in error has treated the case, so far as it depends on the common law, as a question of the relations of common employés to each other. It presents no such issue. The law on this topic is epitomized in Railroad Co. v. Baugh, ubi supra; and Railway Co. v. Barrett, 166 U. S. 617, 619, 17 Sup. Ct. 707, rules on the precise point here. There it is said that, so far as the safety of machinery and appliances for the use of employés is concerned, the neglect of the agent of the principal is his neglect. On this rule, a large portion of the requested instructions of the plaintiff in error drops out.

The plaintiff in error contends that the guy complained of was not within the statute, so far as it relates to "ways, works or machinery," and that, also, there was not sufficient evidence for the jury of any negligence of any person intrusted with superintendence, within the statutory meaning. Evidently the learned judge who tried the case in the court below felt difficulties in resting it on either the first or second count, and apparently he did not consider it of importance whether or not they were taken into consideration. He observed that "the case stated in three ways in the declaration may well apply to the facts"; and also he said that whether or not the guy was a defect, within the statute, it was such a defect at common law as would hold an employer liable under the circumstances detailed by him. Therefore it seems to us that, on the evidence in the record, the court did not deem it necessary to distinguish between the several counts. Only one verdict was rendered, and, as we have already said, the plaintiff in error could suffer no detriment by its being assigned to either of the counts. The plaintiff in error nevertheless has assigned a number of errors based upon requests to the court to take the first and second counts from the jury. Under the circumstances which we have explained, the refusal of these requests could not have prejudiced it, and therefore the exceptions based thereon are immaterial, and could not require us to set aside the verdict. Decatur Bank v. St. Louis Bank, 21 Wall. 294, 301; Sullivan v. Mining Co., 143 U. S. 431, 434, 12 Sup. Ct. 555. Indeed, the case comes, in this particular, within the strict rule of the supreme court, inasmuch as it appears beyond doubt that these alleged errors could not have prejudiced the plaintiff in error. Railroad Co. v. O'Reilly (already cited) 158 U. S. 334, 337, 15 Sup. Ct 830. In Sullivan v. Mining Co., at page 434, 143 U. S., and page 556,

12 Sup. Ct., the supreme court uses the following expressions: "Upon all the facts in the case, the judgment was one which must necessarily have been rendered." In the case at bar the "facts" were those found by the jury. To whichever count it assigned its verdict, it must, as we have already said, have found all the facts alleged in the third count, and therefore, in any event, sufficient to support the verdict. It therefore becomes unimportant whether or not the court was in error on the question whether the guy concerned "ways, works or machinery," or in regard to the alleged negligence of a person charged with superintendence in the statutory sense. In any view of the case, facts enough being found to sustain the verdict on the third count, the judgment must stand.

We can go further. On the whole case there is, as we have already said, the uncontrovertible presumption that the defendant below, in operating this part of its line, was bound to great vigilance and care. There is undoubted evidence that it knew that the guy was to be stretched over the track; that it had ample opportunity to provide in advance that it should be set at a proper height; that omission to accomplish this was negligence towards the plaintiff below; that there was no evidence, within the expressions of Railway Co. v. Archibald, already cited, that he knew of the defect, or that it was plainly observable by him; and the circumstances of the case show that, performing his duties as he was required to perform them, he could not easily have known it. So that, on the whole case, if the verdict had been for the defendant below, the court below would have been required, as the rule is now practically applied, to have set it aside. On the whole, on the uncontrovertible facts of the case, a verdict and judgment for the plaintiff below were the only verdict and judgment which could properly have been rendered; and therefore the rule applies which is stated in Decatur Bank v. St. Louis Bank, already referred to, at page 301, that, to warrant the reversal of a judgment, there must not only be error, but the error must be such as to have worked injury to the party complaining.

All the other alleged errors are covered by what we have already said, or are so clearly not errors as not to require any expression of our views about them. The judgment of the circuit court is affirmed, with interest, and the defendant in error recovers his costs in this court.