### WHEELER v. OAK HARBOR HEAD LINING & HOOP CO.

(Circuit Court of Appeals, Sixth Circuit. December 24, 1903.)

No. 1,202.

**1. MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE OF MASTER—PLEADING.**

Bates' Ann. St. §§ 4364–89c, 4364–69, require factory owners to box all shafting operating near passageways, and to provide suitable seats for female employés when not necessarily engaged in active duties, etc. Plaintiff, who was employed in a factory, was injured by her skirts becoming entangled with an unboxed shaft projecting outside of the building near a window customarily used by the employés as a passageway and for a seat. *Held,* that a petition alleging such facts, and that defendant well knew that the window was customarily used as a passageway, and the dangerous character of the shaft, and that it negligently omitted to warn plaintiff of the danger from the shaft, and omitted to provide seats for employés, and that the custom of the employés to use the window as a seat was known to defendant, and that plaintiff did not know or apprehend any danger from the shaft by which she was injured, sufficiently stated a cause of action for defendant's negligence.

**2. SAME—ASSUMPTION OF RISK.**

Where plaintiff in an action for injuries to a servant by a revolving shaft alleged that she was a young woman, unacquainted with machin-

ery or the dangers to be apprehended therefrom to persons employed in the vicinity of the shaft, and that defendant had not warned plaintiff of the danger, the petition sufficiently negatived the defense of assumption of risk.

**3. SAME—CONTRIBUTORY NEGLIGENCE.**

Where plaintiff was injured by her skirts becoming caught on a rapidly revolving shaft under a window in which she was seated, and, in a petition to recover damages from such injuries, she alleged that she was unacquainted with the danger, and that it had been customary for her and other employés, while resting, with defendant's knowledge, to sit in the window, and that defendant had given no warning against the practice, the petition was not demurrable on the ground that the facts stated showed plaintiff guilty of contributory negligence, as a matter of law.

In Error to the Circuit Court of the United States for the Northern District of Ohio.

Orville S. Brumback, for plaintiff in error.

Charles H. Graves and Scott Stahl, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

SEVERENS, Circuit Judge, delivered the opinion of the court.

The plaintiff brought this suit by petition in the court of common pleas of Ottawa county, Ohio, to recover damages for an injury received by her while in the employment of the defendant, in consequence, as she alleged, of its negligence. The defendant, which is a Michigan corporation, removed the case into the Circuit Court of the United States upon the ground of diversity of citizenship. The petition was then amended, and to the amended petition the defendant demurred upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the petition dismissed.

The petition states that at the time of the injury the plaintiff was 19 years old, and was employed by the defendant in a factory carried on by the latter in the manufacture of head linings for barrels and similar articles; that the factory was built on the side of a hill, so that the second story thereof, in which she was occupied, was nearly on a level with the top of the hill; that the head linings were partly manufactured on the lower floor, where most of the machinery was located, and then conveyed to the second floor, where they were completed; that the safety of the employés required that there should be a safe and convenient passageway for getting into the second story of the building, and that it was also the duty of the defendant to provide seats, as required by law, for the employés while engaged in their work on the second floor, and, further, that it was the duty of the defendant to put boxing or guards around exposed parts of the machinery, where it might endanger the employés, and to warn the employés of dangers from the machinery used which they would not see and realize; that the defendant maintained as part of its machinery a rapidly revolving shaft, projecting outside of the building near a window in the second story, which was, as defendant well knew, customarily used by the employés as a passageway into and out of the second story; that the dangerous character of the shaft was known to the defendant; that the defendant negligently omitted to warn the

plaintiff of danger from said shaft, and omitted to box or guard the same, and also omitted to provide seats for the employés on that floor; that it was customary for the plaintiff and the other girls working with her, because of the defendant's failure to provide seats, to sit in the window above mentioned while resting, and that this custom was well known to the defendant; that on the day of the injury, knowing little of machinery or of the danger incident to working around it, and without apprehending any danger from said shaft, she seated herself in the window in the customary manner, facing inside, and while she was thus seated, and without any fault or negligence on her part, her skirts were blown or dropped in some way unknown to her on the outside of the building, and were caught by the revolving shaft, whereby she was dragged outside the building and whirled rapidly and violently around the shaft, and suffered such injuries that she was made a cripple and disfigured for life. We think that, upon the facts as thus stated, it might not unreasonably have been found that the defendant was at fault in maintaining the shaft in that place without boxing or guard or warning of the danger, and that the plaintiff's injury occurred in consequence thereof.

A statute of Ohio provides:

"That the owners and operators of factories and workshops, which terms shall mean all manufacturing, mechanical, electrical and mercantile establishments, and all places where machinery of any kind is used or operated, shall take ordinary care, and make such suitable provisions as to prevent injuries to persons who may come in contact with any such machinery, or any part thereof, and such ordinary care and such suitable provisions shall include the casing or boxing of all shafting when operating horizontally near floors, or when in perpendicular or other positions operating between, from or through floors, or traversing near floors, or when operating near passageway, or directly over the heads of employees." Bates' Ann. St. § 4364–89c.

And another statute also provides:

"That every person or corporation employing female employees in any manufacturing, mechanical or mercantile establishment in this state, shall provide a suitable seat for the use of such female employee so employed, and shall permit the use of such by them when they are not necessarily engaged in the active duties for which they are employed, and shall permit the use of such seats at all times when such use would not actually and necessarily interfere with the proper discharge of the duties of such employee, and such seats shall be constructed or adjusted where practicable so as to be a fixture and not obstruct such female when actually engaged in the performance of such duties when such seat can not be used." Id. § 4364–69.

It is contended that the first of these statutory provisions does not apply to a case like this, where the shafting was outside of the building; but it was near the customarily used passageway, and there is much reason to think the case would be included by the statute. However, in what we shall say we propose to deal with it upon the principles of the common law, to which the statute is auxiliary.

According to the statements of the petition, the window was customarily used, with the knowledge of the defendant, both as a passageway and as a seat for the female employés while not engaged in their active duties. It would not be an unreasonable inference that the defendant assented to this use of the window seat as, to some extent, a substitute for the seats it neglected to supply. The fact

that the plaintiff was resting at the time, and not actively engaged in her duties, did not take her out of her employment, or relieve the defendant from the care due to its servants.

The defense rests mainly upon two grounds: First, that the risk of danger was apparent, and was therefore assumed by the plaintiff; and, second, that she contributed to her injury by her own carelessness.

With respect to the first ground, the allegations of the petition are that the plaintiff was a young woman, unacquainted with machinery or the dangers to be apprehended therefrom to persons employed in its vicinity. The risk which an employé assumes are those which are so obvious that they can, and probably will, be appreciated by him. The skilled workman assumes those which it may reasonably be supposed he understands. The same rule is applied to the unskilled. But because of his presumed lack of understanding, a duty is devolved upon the employer to warn his employé of the sources of danger before the employer can charge the employé with an assumption of the risk. This it is charged the defendant failed to do. The facts stated, if proved, would give ground for a conclusion that the risk was not so obvious as that one in the plaintiff's place would be likely to understand it.

Then, as to the suggestion of contributory negligence on the part of the plaintiff, it should be premised that in the federal court it is held that the burden of proving it rests upon the defendant. Still, if it should clearly appear from the plaintiff's own pleading, the defendant may take advantage of it. What, then, in the pleading is there on which the defendant may rely as proof of the plaintiff's negligence? She says she was unacquainted with the danger. From the facts that it had been customary for the girls to sit in that place while resting; that the defendant knew of this, and had given no warning; and that she was unacquainted with machinery, and might not have known its dangers—we think it not reasonable to decide, as matter of law, that she was negligent. It might have been negligent for one familiar with the effect of a rapidly revolving shaft in gathering and winding in articles of wearing apparel, like the loose skirts of a woman's dress, when brought in contact with it, while it might not be for one who had had neither experience nor instruction in regard to the subject. The rule we have indicated as applicable to facts like these has been confirmed in numerous cases, among which are Texas & Pacific Ry. v. Archibald, 170 U. S. 665, 18 Sup. Ct. 777, 42 L. Ed. 1188; Louisville & N. R. Co. v. Miller, 104 Fed. 124, 43 C. C. A. 436; Wright v. Stanley, 119 Fed. 333, 56 C. C. A. 234; New York, N. H. & H. R. Co. v. O'Leary, 93 Fed. 737, 35 C. C. A. 562. The case of Pullman's Palace Car Co. v. Harkins, 55 Fed. 932, 5 C. C. A. 326, shows a state of facts which illustrate this subject very forcibly. That was an action brought to recover damages for the death of the plaintiff's intestate by revolving shafting, in which Judge Atchison, who delivered the opinion of the Circuit Court of Appeals, states it was shown that revolving shafting "is attended with peculiar and latent danger. It seizes with fatal result the clothing of any person who unconsciously or uncautiously comes in contact with it. Usually it is noiseless. To

an inexperienced person, the motion of a rapidly revolving shaft, one and a half inches in diameter, would not be observable, unless he should happen to notice the pulley connected with it"—and that "it was a harmless looking thing to an ignorant man." And it was held that it was not error to charge that:

"A servant knowing the fact of machinery being in motion close by the place where he is working may be entirely ignorant of the risk he would incur by falling against or coming in contact with it. In such case it is the duty of the master not only to exercise due care, but good faith towards the servant, and to inform him of the risks he undertakes."

It is possible that in the present case such facts may be shown, They reflect alike upon the duty of the employer and of the employé.

We should refrain from expressing any opinion upon the effect of the probative facts alleged, and upon which the countercharges are made, of the negligence of the defendant, the contributory negligence of the plaintiff, and the assumption by her of the risk of her employ-ment. We must take the facts to be as stated, provided they are such as are reasonably susceptible of proof; and, upon that assumption, we think the demurrer should have been overruled.

The judgment will therefore be reversed, with instructions to overrule the demurrer and permit the defendant to plead to the merits, if it shall so elect, or otherwise to proceed to final judgment in due course.