## MICHIGAN HEADLINING & HOOP CO. v. WHEELER.

(Circuit Court of Appeals, Sixth Circuit. December 11, 1905.)

No. 1,406.

MASTER AND SERVANT—ACTION FOR INJURY OF SERVANT—QUESTIONS FOR JURY.
Plaintiff, a young woman 19 years old, was employed with other women on the second floor of defendant's factory, which was built on a side hill so that such floor on one side was about on a level with the ground and a window on that side was customarily used by plaintiff and her co-employés as a passage for entering and leaving the room, and also as a seat. A shaft projected through the building, near and a little below the window, having a band wheel on its outer end. By a law of the state (Bates' Ann. St. Ohio, §§ 4364-69, 4364-89c), shafts in factories near the floor were required to be boxed, and where women were employed the employer was required to provide seats, but such shaft and wheel were not boxed, nor were seats provided other than the window. While sitting in the open window plaintiff's skirt was caught by the revolving wheel, and she was dragged outside and seriously injured. She was not warned of any danger in so using the window. *Held*, in an action to recover for the injury, that the determining issues were whether the window was properly used as a passage and seat with the knowledge of defendant, so as to impose upon it the duty of boxing the shaft and band wheel, or whether it was negligent as a matter of fact in not so doing, and whether, under all the circumstances, plaintiff in seating herself in the window assumed the risk or was guilty of negligence contributing to her injury, all of which issues were for the jury under proper instructions.

In Error to the Circuit Court of the United States for the Northern District of Ohio.

Alex L. Smith, for plaintiff in error.

O. S. Brumback, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. This is the same suit which was before us in the case of Wheeler v. Oak Harbor Headlining & Hoop Company, 126 Fed. 348, 61 C. C. A. 250, in which we reversed the judgment of the lower court sustaining a demurrer to the second amended petition, and remanded the case for further proceedings. Subsequently, a third amended petition was filed, then an answer and reply, and the case went to trial, resulting in a verdict and judgment for the plaintiff. The rulings of the court below are now here for review.

It is strongly urged that a verdict should have been directed for the defendant. The grounds are substantially those presented in the argument upon the sufficiency of the petition in the former case, and were considered in our former opinion. There is no material difference between the petition upon which the case was tried and that formerly before us. The additional averment is that there was a small band wheel on the end of the projecting shaft and that the plaintiff's dress was caught by the revolving shaft or band wheel. This does not materially change the case. Upon the trial, testimony was introduced tending to sustain all the material averments of the petition, and it became a question for the jury whether a case was made out, in view of the conflicting testimony by the defendant.

There was testimony tending to establish the following facts: The plaintiff was a young woman about 19 years old. She had been employed in the factory from May until September, when she was hurt. The factory was engaged in the manufacture of wooden strips known as "headlinings." She helped pack these headlinings. Aside from the experience thus gained, she was inexperienced in machinery. The factory was built on the side of a hill, so that the second floor was on a level with the top of the hill, and one could step out of the window of the room, in which she was employed onto the ground. There was a passage way to this room through the basement, where most of the machinery was located; but it was narrow, dark, damp, obstructed, and somewhat dangerous. The three women employed in the room where the plaintiff worked were therefore in the habit of entering and leaving the room through the sliding window, which opened onto the ground, and this habit was known to the defendant. Although the law of Ohio made it the duty of the defendant to provide seats in this room where the women worked, none were provided, and they were in the habit of sitting in the window when not at work. This habit was also known to the defendant. Projecting from the building on the outside, below and near this window, was a revolving shaft with a band wheel, used for operating a grindstone. If this window was in known use as a passageway by its employés, it was the duty of the defendant, by the law of Ohio, to box or cover the revolving shaft and band wheel; but this was not done, nor did the defendant warn the plaintiff of the danger of coming in contact with this shaft and band wheel. On the day of the accident, at or shortly before 7 o'clock in the morning, the plaintiff reached the factory, passing by the shaft and band wheel. While waiting for headlinings to pack, she seated herself in the window and began to read a letter. The testimony conflicted as to whether she was sitting on the outside or the inside of the window, and as to whether the revolving shaft was in operation when she sat down or not. The weight of the testimony goes to show she was sitting on the inside of the window, and the jury specially found that the shaft was not in operation when she sat down. While she was so seated, her skirt in some way came in contact with the revolving shaft or band wheel then in operation, and she was violently dragged outside and seriously injured.

This outline of the testimony sufficiently suggests the questions which, in accordance with our former holding, were rightfully ones for the jury to determine, under proper instructions by the court. Among them were these: Whether the window was legally used as a passageway by the employés, so that, under the law of Ohio, the defendant was guilty of negligence in not boxing the shaft and band wheel. Whether the window was, to the knowledge of the defendant, so used as a seat, required by the law of Ohio to be furnished female employés, as to impose upon the defendant the duty of making and keeping its locality safe for those using it. Whether the defendant, either as a matter of law or fact, was negligent in not boxing the shaft and band wheel. Whether the plaintiff, in view of all the circumstances, when she seated herself in the window, assumed the risk of her clothing coming in contact with the shaft and band wheel, or was guilty on her part of negligence which contributed in bringing about the accident.

These and the other questions raised in the case, were submitted by the court to the jury. The charge was exceptionally clear and fair. Aside from the fact that it submitted these leading questions to the jury, the criticism made of it is insubstantial. The requests refused, so far as they had merit, were fully covered by it. The criticism of the modification made in the fifth and sixth requests as given, does not appeal to us.

The court charged the jury as follows:

"And even if you find defendant was negligent in not boxing or covering the exposed shafting or band wheel, or in failing to warn plaintiff of the dangers arising therefrom, if you also find that the window was not a passageway, in the sense just explained, and that the danger to plaintiff of getting her skirt caught in the shafting was an open and obvious one, and would be apparent to an ordinarily prudent person of her age and experience, in the exercise of ordinary observation, then plaintiff, even if she did not at the time realize the danger, must be held to have assumed the risk of injury from this cause; and your verdict should be for the defendant."

The defendant below insists that in place of the words "an ordinarily prudent person of her age and experience, in the exercise of ordinary observation," the court should have inserted either "a person of ordinary intelligence," or "a person of ordinary common sense in the exercise of ordinary observation." We can perceive no difference in the meaning of these phrases which would warrant the reversal of the judgment and the sending back of this case for a new trial. If there was any difference, the defendant got the benefit of it; for the danger was more likely to be apparent to a person with some experience, however slight, than to one with none at all.

The other assignments of error do not seem to us to demand discussion. The case was fairly submitted, and, as we held before, it was properly one for the jury to determine.

The judgment is affirmed.