### NORFOLK & W. R. CO. v. HAZELRIGG.

(Circuit Court of Appeals, Sixth Circuit. February 7, 1911.)

#### No. 2,070.

1. MASTER AND SERVANT (§ 278*)—ACTION FOR INJURY TO SERVANT—DEFECTIVE CAR COUPLER—EVIDENCE.

    In an action by an employé against a railroad company to recover for an injury alleged to have been caused by the use by defendant in interstate commerce of cars not equipped with automatic couplers, as required

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the Safety Appliance Act March 2, 1893, c. 196, § 2, 27 Stat. 531 (U. S. Comp. St. 1901, p. 3174), evidence of the use of such cars with couplers so defective that they could not be coupled without going between them, and that in doing so plaintiff was injured, is sufficient to make a prima facie case, although it does not show the precise nature of the defect.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 278.*

Duty of railroad companies to furnish safe appliances, see note to Felton v. Bullard, 37 C. C. A. 8.]

**2. MASTER AND SERVANT (§ 289*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.**

An inexperienced brakeman doing switching work in railroad yards in weighing cars which were required to be uncoupled as they were weighed, who, when the lever on a car on the side of the train where he was working would not uncouple two cars because of a defect, went between the cars as he had seen others do, and was injured, cannot be held chargeable with contributory negligence as matter of law because he did not go around the train and try the lever on the other side.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089–1132; Dec. Dig. § 289.*]

**3. MASTER AND SERVANT (§ 230*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.**

In determining whether or not a brakeman was chargeable with contributory negligence in going between two cars to uncouple the same, whereby he was injured, his knowledge and experience in the work are proper elements to be considered.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 687–700; Dec. Dig. § 230.*]

In Error to the Circuit Court of the United States for the Eastern District of Kentucky.

At Law. Action by John T. Hazelrigg against the Norfolk & Western Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

J. H. Holt and J. F. Hager, for plaintiff in error.

B. G. Williams, for defendant in error.

Before WARRINGTON and KNAPPEN, Circuit Judges, and DENISON, District Judge.

KNAPPEN, Circuit Judge. This is the second appearance of this cause in this court. The defendant in error (plaintiff below) brought suit for the loss of an arm, occasioned by its being caught between the bumpers of two coal cars, through the alleged negligence of plaintiff in error in using, upon a car employed in interstate traffic, a coupling device which would not operate without the necessity of going between the cars for the purpose of coupling and uncoupling; the plaintiff being at the time of his injury a brakeman doing switching work in defendant's yard, in connection with the weighing of cars. On a former trial plaintiff recovered judgment, which was reversed by this court on account of certain instructions and refusals to instruct upon the subject of contributory negligence. Norfolk & Western Railroad Co. v. Hazelrigg, 170 Fed. 551, 95 C. C. A. 637. On a new trial plaintiff has again recovered; the judgment thereon being the subject of this review.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At the close of the evidence, defendant asked a peremptory instruction for verdict in its favor, the denial of which is assigned as error. On the former review a similar request was held properly denied. On this review the alleged failure of proof to sustain a verdict for the plaintiff is put upon the ground that the plaintiff relied in the alternative upon one of two distinct grounds of negligence, one that the chain designed to lift the locking dog or pin was broken, the other that the chain was too long, and without any showing as to which was the actual defect. There was testimony tending to show that the action of the lever indicated the existence of one or the other of the two defects. The argument presented is that for the second cause referred to, as being a defect in original construction, the defendant would be absolutely liable, but that for the first, being a defect subsequently arising, defendant would not be responsible except for a negligent failure to keep the coupling device in repair, according to the decision of this court in St. Louis & San Francisco R. Co. v. Delk, 158 Fed. 931, 86 C. C. A. 95; that it is incumbent upon the plaintiff to prove actionable negligence; and that in this state of the proof he has not done so, and that the jury was thus left wholly to conjecture as to the cause of the accident. This state of the evidence appeared on the former trial, and is mentioned in the opinion of this court on the former review, although it does not appear that the point we are now considering was raised or passed upon. Whatever might otherwise be the case, it is clear there is no merit in the objection raised, in view of the holding of this court in United States v. Illinois Central R. Co., 170 Fed. 542, 548, 95 C. C. A. 628, that, where it is apparent that a car with a defective coupling device has been hauled upon defendant's track, the burden is upon defendant to prove that it has used all reasonably possible endeavor to discern and correct the fault. The plaintiff had made his prima facie showing of negligence when he showed a defective condition of the coupling device, and the fact that the plaintiff did not show which of the two defects mentioned was the one actually existing did not make his proofs conjectural. The court submitted to the jury the question of defendant's negligence, upon each of the two grounds alleged, in a charge fully as favorable on that subject as defendant was entitled to.

The evidence showed that the plaintiff was stationed on the left or fireman's side of the train, the yard conductor being on the right or engineer's side, and from that position directing the placing of the cars on the scales and the movement of the engine in switching the cars. After a car was weighed, and as it was about to be pushed, moving backward, off the scales, or while it was passing over the scales, it was plaintiff's duty to uncouple the weighed car from the car next forward which was to be placed on the scales. The plaintiff had been engaged in coupling and uncoupling cars but from two to five days. He testified that, as the car in question was ready to be pushed from the scales, he tried three times to work the lever from his side as the car moved along, but that it would not work; that the car came to a stop; that it was impossible for him to uncouple the cars without going between; and that accordingly he called to the conductor to "wait a minute," and stepped in between the cars,

when his arm was caught between the bumpers by an unexpected movement of the train, which seems to have been made under signal to the engineer given by the conductor. Plaintiff testified that he knew there was a lever on the other side of the connecting car, but did not know at the time whether or not it was operative. He also testified that he did not know at the time whether there was room for him to pass between the car he was trying to uncouple and the last one pushed off the scales, from the fact that sometimes the cars so kicked go "just barely off the scales," and that the reason he did not go around the end of the car to the other side of the train was that, if he had done so, "they might have backed in and caught me when they were kicking these cars off," and that, moreover, he was authorized to do as he did, having learned the yard from observation by way of watching others, and that he had no rules or book of instructions to the contrary of the course he took, but that, on the other hand, his instructions from the conductor were to "stay on that side and cut the cars." There was evidence that between the car which was being kicked from the scales and the tender of the engine there were but about three cars yet unweighed. The defendant contends that it was the plaintiff's absolute duty as matter of law, on finding that the lever on his side would not work, to go around the train, either behind the car in question or in front of the engine, and requested an instruction to the jury that:

If "they believed from the evidence in this case that there was a safe way and an unsafe way by which plaintiff Hazelrigg could have uncoupled the cars between which he was injured * * * and he, the said Hazelrigg, voluntarily and without necessity chose the unsafe way instead of the safe way and was injured in consequence, he cannot recover and your verdict must be for the defendant."

This request was refused, the jury being instructed as follows:

"The question, then, is whether or not a brakeman of ordinary care and prudence, with such experience as plaintiff in this case had, and with such knowledge of railroading as he had, and under existing conditions—i. e., under like circumstances—would or not have appreciated the danger of going in between those cars, and have refrained from going in between them, and, instead of doing so, would have called over to the conductor to operate the lever on his side, or himself have gone around and operated that lever or otherwise acted. If you believe from the evidence that a brakeman of ordinary care and prudence, under like circumstances, would have appreciated that danger, and would not have gone in between these cars, but would have called across to the conductor, or would have gone around and pulled the other lever himself, or acted otherwise than going between the cars, there can be no recovery in this case."

In support of the requested instruction defendant cites four decisions of the Circuit Court of Appeals for the Eighth Circuit, namely, Morris v. Duluth, S. S. & A. Ry. Co., 108 Fed. 747, 47 C. C. A. 661, Gilbert v. Burlington C. R. & N. R. Co., 128 Fed. 529, 63 C. C. A. 27, Suttle v. Choctaw, O. & G. R. Co., 144 Fed. 668, 75 C. C. A. 470, and Union Pacific Ry. Co. v. Brady, 161 Fed. 719, 88 C. C. A. 579, each of which cases involved an injury to one engaged in switching by stepping between the cars upon the failure of the lever to work, and without attempting to use the lever on the other side of the train; the rule being laid down that, where there is a compara-

tively safe and less dangerous way known to a servant by means of which he may discharge his duty, it is negligent in him to select the more dangerous method. In the Morris, Gilbert, and Suttle Cases it was held that the act of the brakeman in going between the cars instead of using the lever on the opposite side was negligence as matter of law. The Brady Case is in harmony with the other three cases. We think the case before us is readily distinguishable upon its facts from each of the four cases cited. In the Morris Case the injured employé was the head brakeman of a crew of employés. He stepped between moving cars in the dark. The lever on the opposite side was in working order. In the Gilbert Case the plaintiff was head brakeman of the switching crew, and was directing the movements of the train. He likewise stepped between moving cars. The couplers on both sides were in good working order, but the one on his side could not be pulled because the "slack was tight." In the Suttle Case the lever on the brakeman's side was temporarily disconnected, but the one on the other side was all right, and the brakeman could have reached and drawn the pin in safety by going on the platform of the caboose. Instead of doing so, he went between moving cars in the nighttime. In the Brady Case plaintiff was foreman of the switching crew, and had had 12 years' experience as brakeman, switchman, and yardmaster. He knew it was not uncommon for a coupling appliance to require several jerks of the lever to uncouple. While he was between the cars after dark, the cars were moved through the negligence of a fellow servant.

It will be noticed that the requested instruction in the case before us omitted the element of plaintiff's knowledge that there was a comparatively safe and less dangerous way than the one employed by him, and the making of a choice by him with such knowledge, including the extent to which plaintiff's experience or inexperience, his appreciation or nonappreciation of the dangers, would affect the question of his negligence. Under the circumstances testified to by the plaintiff, his action in stepping between the cars could not be held negligence as matter of law. In view of the instruction actually given, we think there was no error in refusing the requested instruction, unless the qualification now to be mentioned was unwarranted.

The use of the words "with such experience as plaintiff in this case had, and with such knowledge of railroading as he had," is criticised as an unwarranted limitation upon the rule governing contributory negligence; the defendant contending that the plaintiff's negligence must be determined by the standard of a brakeman of ordinary care and prudence, and not by the standard of a brakeman of ordinary care and prudence with like knowledge and experience. It cannot be controverted that plaintiff's knowledge and experience are proper elements for consideration in determining the question of assumption of risk. That subject, however, is not before us, as under the federal safety appliance act (Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174]) the defense of assumption of risk is not open. In our opinion the plaintiff's experience is equally to be taken into account in cases of contributory negligence. Blumenthal v. Craig (3d Circuit) 81 Fed. 320, 26 C. C. A. 427; George v. Clark (8th

Circuit) 85 Fed. 608, 610, 29 C. C. A. 374; Wheeler v. Oak Harbor Head Lining & Hoop Co. (6th Circuit) 126 Fed. 348, 351, 61 C. C. A. 250; Michigan Headlining & Hoop Co. v. Wheeler (6th Circuit), 141 Fed. 61, 63, 72 C. C. A. 71. In the Blumenthal Case it was held that in considering the question of contributory negligence the youth and inexperience of the plaintiff are to be taken into account. In George v. Clark, in discussing the evidence of the alleged contributory negligence of a switchman killed in coupling cars, the court said, "Besides, the deceased had only had a limited experience as a switchman in coupling cars." In Wheeler v. Oak Head Lining & Hoop Co., which involved not only assumption of risk, but the contributory negligence of the plaintiff, who had received an injury by the catching of her clothing by a rapidly revolving shaft, Judge Severens, after discussing the assumption of risk, said:

"She (plaintiff) says she was unacquainted with the danger. * * * It might have been negligence for one familiar with the effect of a rapidly revolving shaft in gathering in articles of wearing apparel like the loose skirts of a woman's dress when brought in contact with it, while it might not be for one who had neither experience nor instruction in regard to the subject."

Upon a second review (Michigan Headlining & Hoop Co. v. Wheeler, supra) criticism was made of the submission to the jury of the question of plaintiff's age and experience. This court, speaking through Judge Richards, said:

"The defendant below insists that in place of the words 'an ordinarily prudent person of her age and experience, in the exercise of ordinary observation,' the court should have inserted either 'a person of ordinary intelligence' or 'a person of ordinary common sense in the exercise of ordinary observation.' We can perceive no difference in the meaning of these words which would warrant a reversal of the judgment and the sending back of this case for a new trial."

In our opinion the propriety of the instruction in question is ruled by the decisions we have cited, and the court did not err in this respect.

The court, speaking of the safety appliance act, said in his charge:

"As I construe that law—or at any rate the railway companies have so interpreted it; or, to put it more strictly, this railway company has so determined it—such cars must be provided with apparatus on each side of the coupler, so that on either side it can be uncoupled, without the necessity of the brakeman going in between the cars."

Defendant contends that there is nothing in the act of Congress to warrant such construction of it. We do not feel called upon to interpret the act in this respect, for it is clear that defendant could not have been harmed by the statement of the court referred to, as not only was there no evidence that the equipment on the other car was out of order, but the only ground of defendant's negligence submitted to the jury related to the device on plaintiff's side of the car.

We have considered all the alleged errors discussed in defendant's brief. In our opinion no error has been committed to the prejudice of the defendant. The judgment of the Circuit Court is accordingly affirmed.