# Crumley *v.* Pennsylvania Railroad Co., Appellant.

*Negligence—Railroads—Master and servant—Safety appliance —Defect—Federal Act of March 21, 1893—Coupling cars—Contributory negligence—Case for jury—Verdict—Damages—Excessive verdict.*

1. In an action by a brakeman against his employer for personal injuries, the case is for the jury, where it appears that plaintiff, while engaged in interstate commerce, was injured by the failure of a coupling lever to work, and the evidence tends to show that the coupling pin was bent, and that the conductor in charge of the train, after the accident, experienced difficulty in working the device, and was obliged forcibly to strike the lever a number of times before it would operate.

2. Under the Federal Employer's Liability Act, contributory negligence of plaintiff is no defense, if a defect in a coupler caused or contributed to his injury.

3. A verdict of $8,120, in an accident case, will not be held excessive if it appears that plaintiff's injury was a crushed foot, resulting in a permanent impairment, and causing difficulty in walking.

*Practice, C. P. — Charge — Judge expressing opinion — Jury cautioned.*

4. A judgment on a verdict will not be reversed because the trial judge expressed an opinion that plaintiff would not be able to earn as high a compensation after the accident as before, where the judge subsequently instructs the jury they are not to be influenced by any of his words but to take their own view of matters of fact.

*Appeals—Statement of question involved—Excessive verdict.*

5. An objection that a verdict is excessive is not properly before the appellate court where it is not included in the statement of questions involved.

Argued October 14, 1921.    Appeal, No. 144, Oct. T., 1921, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1920, No. 475, on verdict for plaintiff, in case of Edward T. Crumley v. Pennsylvania Railroad Co. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.    Affirmed.

Trespass for personal injuries.    Before SHAFER, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $8,120.    Defendant appealed.

*Errors assigned,* inter alia, were (1) refusal of judgment for defendant n. o. v. and (2) refusal of new trial, quoting record.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant.

*J. Thomas Hoffman,* for appellee.

OPINION BY MR. JUSTICE FRAZER, January 3, 1922:

Defendant appeals from a verdict and judgment awarding plaintiff damages for injury sustained while

attempting to operate a car coupler. Plaintiff alleged the coupler was defective and brought suit under the provisions of the Federal Safety Appliance Act of March 21, 1893, 27 Stat. 531.

Plaintiff, an employee of defendant as a yard brakeman at its Sharpsburg yard, was, at the time of receiving his injury, attempting to uncouple cars which were being pushed over an elevated track in the yard known as "the hump," used for the purpose of distributing cars to their proper places on various tracks in the process of making up trains. The cars were equipped, as required by the Act of 1893, with side lift levers for the purpose of operating the coupling device by withdrawing the coupling pin without the brakeman placing himself between the cars. Plaintiff testified he endeavored several times unsuccessfully to uncouple the cars in question from the side by means of the lift lever and had climbed between the cars to accomplish what the lever failed to do and, while attempting to release the coupling by hand, his foot slipped and was caught between the bumpers and crushed. It is not denied that the car he was endeavoring to uncouple was at the time engaged in interstate commerce and that plaintiff was within the protection of the Federal Safety Appliance Act and cannot be held to have assumed the risk of a defective coupler; and further, since the passage of the Federal Employers' Liability Act of 1908, which, in effect, amends earlier legislation, contributory negligence of plaintiff is no defense if a defect in the coupler caused or contributed to his injury. The argument of appellant is that there was an entire lack of evidence tending to show an imperfect coupler; that the Safety Appliance Act was not violated and that the risk was one which plaintiff assumed as an ordinary incident to his employment within the decisions of this court in Dutrey v. R. R., 265 Pa. 215; Reed v. Direct. Gen., 267 Pa. 86; Curtis v. R. R., 267 Pa. 227. Although the exact cause of the failure of the coupling lever to work does not appear, there is evidence that the

pin was bent. Though none of the witnesses testify positively that the defective condition of the pin was the cause of plaintiff's inability to uncouple the cars, there was evidence that the conductor in charge of the train, after the accident, experienced difficulty in working the device and was obliged to forcibly strike the lever a number of times before causing it to operate. Under these circumstances the jury might justly infer the bent condition of the pin rendered its release more difficult than if in proper condition. The trial judge, accordingly and properly left this question to the jury. In this we think he is sustained by Chicago, R. I. & Pac. Ry. v. Brown, 229 U. S. 317; San Antonio Ry. v. Wagner, 241 U. S. 476; and Phila. & Read. Ry. v. McKibbin, 259 Fed. 476.

In the first case cited it was conceded the failure of a coupler to work at any time was sufficient to sustain a charge of negligence against the company. In San Antonio Ry. v. Wagner, plaintiff was injured while attempting to operate by hand an automatic coupler which failed to work. It was there argued by defendant that all automatic couplers required adjustment at times, the court, however, in reply to this contention, said (page 484): "The jury could reasonably find that the misalignment of the drawbar was greater than was required to permit the rounding of curves, or, if not, that an adjustment lever should have been provided upon the engine as upon the car, and that there was none upon the engine. We need not in this case determine, what was conceded in Chicago, R. I. & Pac. Ry. v. Brown, 229 U. S. 317, 320, that the failure of a coupler to work at any time sustains a charge that the act has been violated."

The language of the court in Phila. & Read. Ry. v. McKibbin, supra, is particularly applicable here. It was there said (page 478): "The case then presents the question whether the repeated and unsuccessful efforts, by an experienced person, to operate the lever of an automatic coupler, when there are no circumstances con-

sistent with its being in repair and workable condition to explain the inability to successfully operate it at a given time when, under the statute, it should be in working order, without other evidence of its defective condition, is sufficient to permit the inference that the coupler was not in the condition required by the statute when the efforts to operate it were made. This question has received an affirmative answer by the Circuit Court of Appeals of the Sixth Circuit in Nichols v. Chesapeake & Ohio Ry. Co., 195 Fed. 913, 917, 115 C. C. A. 601. With the conclusion thus reached we are in accord. We do not wish to be understood, however, as holding what seems to have been conceded in Chicago, R. I. & Pac. Ry. Co. v. Brown, 229 U. S. 317, 320, 33 Sup. Ct. 840; 57 L. ed. 1204; and what the court, in San Antonio Ry. v. Wagner, 241 U. S. 476, 484, 36 Sup. Ct. 626, 629 (60 L. ed. 1110), expressly found it unnecessary to determine, 'that the failure of a coupler to work at any time sustains a charge that the Safety Appliance Act has been violated'; nor do we wish to be understood as intimating any opinion upon that question. We merely decide that the failure of the coupler to work under the circumstances above detailed is some evidence, the weight of which is for the jury under all the circumstances of a given case, that the coupler was not in the condition required by the act, when the plaintiff was injured."

In the present case we have not only evidence that the coupler refused to work until force had been applied to the lift lever by the conductor, but the additional fact that the coupling pin was bent, which justified the jury in concluding its defective condition made it more difficult to operate and was the cause of its failure to function at the time plaintiff received his injury.

It is also argued that the pin could not be drawn owing to the weight of the cars against it; an answer to this is that plaintiff, an experienced brakeman, testified he be-

gan his efforts to release the coupler while the cars were being pushed upgrade and the couplings were slack.

A further contention is that the verdict is excessive and that the trial judge erred in that part of the charge expressing an opinion that plaintiff was unable to earn as high a compensation for his services after the accident as before. The injury sustained was a crushed foot, resulting in a permanent impairment and causing difficulty in walking, which the jury might infer would decrease his earning capacity. The charge as a whole was fair and at the end the jury were further instructed that they were not to be influenced by suggestion or opinion on the part of the court but to take their own view of matters of fact. No harm was done and under the circumstances a verdict of $8,120 is not so excessive as to justify this court in setting it aside. Furthermore, this question is not included in the statement of questions involved and is not properly before us.

The judgment is affirmed.