## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. PYRON. (No. 3118.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 26, 1925. Rehearing Denied Dec. 3, 1925.)

**1. Master and servant ⬅286(13)—Whether coupler was lawful held for jury.**

In action for death of brakeman on freight train employed in interstate commerce within federal Employers' Liability Act (U. S. Comp. St. § 8657 et seq.), whether coupler was lawful within federal Safety Appliance Act, § 2 (U. S. Comp. St. § 8606), held for jury, under evidence as to defects and failure of repeated efforts to open it by use of lever.

**2. Trial ⬅352(1)—Issue as to lawfulness of coupler properly submitted to jury.**

In action for death of switchman in attempting to adjust coupler, submitted on special issues, instruction submitting issue of lawfulness of coupler under federal Safety Appliance Act (U. S. Comp. St. § 8605 et seq.), held not erroneous as general or as repetitious, so as to give undue prominence to issue or as comment on weight of evidence.

**3. Appeal and error ⬅1070(1)—Whether finding of trainmen's negligence was unsupported not material where injury caused by violation of Safety Appliance Act.**

Where jury's finding that injury to brakeman was caused by a coupler failing to comply with Safety Appliance Act is sustainable, and verdict is not excessive, whether further finding that trainmen were negligent is supported by evidence or not is immaterial.

**4. Death ⬅99(4)—$27,500 for death of father held not excessive.**

$27,500 held not excessive allowance to boy and girl, 6 and 4 years old, respectively, for death of father 33 years of age, with life expectancy of 33.21 years, earning about $150 a month, who was in good health, sober, and industrious, worked regularly, and was a devoted father.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Action by Mrs. N. C. Pyron, administratrix, against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Between 7 and 8 o'clock of the morning of November 2, 1923, Harvey J. Rucker, then a brakeman on one of appellant's freight trains, was fatally injured while he was between cars in the train trying to adjust the coupler on one of the cars so it would couple with another one of them. On the theory that the injury to Rucker was proximately caused by negligence of appellant and its employés in charge of the train, this suit for damages was commenced and prosecuted by appellee (as administratrix of Rucker's estate) for the benefit alone of two children (a son 6 years old, and a daughter 4 years old) Rucker left surviving him.

It appeared from testimony heard at the trial that, failing in an attempt by the use of mechanism provided for the purpose to adjust the coupler on one of the cars for coupling with another car, Rucker undertook, while standing on the track between the rails thereof, to adjust the coupler with his hands. While so engaged he was knocked down and run over by the car. The jury found, on special issues submitted to them, that the coupler Rucker was trying to adjust was not such a coupler as the law required appellant to have on the car, in that it would not "couple automatically by impact without the necessity of the brakeman going in between the end of said car and the other car to which it was the intention to couple same to adjust the coupler with his hand," and further found that the failure of appellant to have a lawful coupler on the car was a proximate cause of the injury to Rucker. The jury also found that the fireman of the locomotive of the train was guilty of negligence which was a proximate cause of the accident (1) in that he failed to keep a proper lookout and observe a stop signal Rucker gave immediately before he went on the track to adjust the coupler, and (2) in that he failed to keep such a lookout and observe a stop signal given by one Clark, a brakeman, just before the injury to Rucker. The jury also found that the operatives of the locomotive and cars were guilty of such negligence in that they caused or permitted same "to move backward without any signal from the deceased to do so." The jury having found further that Rucker's said son and daughter were damaged in the sum of $27,500 by his death, and that reasonable compensation for the suffering endured by Rucker because of the injury before he died was $2,500, the court rendered judgment in appellee's favor for the sum of $30,000, to be equally apportioned between said son and daughter. Thereupon appellant prosecuted this appeal.

Marsh & McIlwaine, of Tyler, for appellant.
Edwards & Hughes, of Tyler, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] It appeared from testimony heard at the trial that at the time of the accident appellant was a common carrier by railroad engaged in commerce between the states, and that Rucker was employed by it in such commerce, within the meaning of the federal Employers' Liability Act (U. S. Comp. St. § 8657 et seq.). Because appellant was such a carrier, it would have been a violation of section 2 of the federal Safety Appliance Act (U. S. Comp. St. § 8606) for it "to haul or permit to be hauled or used on its line anw car used in moving interstate

traffic not equipped with couplers coupling automatically by impact" and which could not "be uncoupled without the necessity of men going between the ends of the cars."

For the purpose of determining whether appellant, on the occasion of the accident, was violating the statute or not, the trial court submitted to the jury a question as follows:

"Was the car that injured deceased Rucker, on the south end thereof, equipped with an automatic coupler and its appliances which, in the condition they were in, would couple automatically by impact without the necessity of the brakeman going in between the end of said car and the other car to which it was the intention to couple same, to adjust the coupler with the hand?"

—and instructed them to answer it in the affirmative if the car was equipped on the south end thereof "with a coupler which could be adjusted by means of a lever on the cars, in the condition in which such lever and its coupling appliances then were, so as to couple automatically by impact with the car to which it was intended to couple same, without the necessity of the brakeman going in between the ends of said cars to open or adjust the coupler," and to answer it in the negative if the car was not so equipped.

Appellant insists it appeared without dispute in the testimony that the coupler referred to was a lawful one within the meaning of said statute, and therefore that it was error to submit to the jury a question as to whether it was or not, and to refuse its requested special charge, which, had it been given, would have instructed the jury to answer the question set out above in the affirmative. The contention is overruled. While there was no testimony that the coupler failed to operate properly at any time before the accident occurred, and witnesses who examined it thereafter testified they discovered no defect in it, and that it could be adjusted for coupling by means alone of the lever provided for the purpose, there was testimony a jury had a right to believe that it (the coupler) was out of repair in ways that would affect its proper operation, and that on the occasion of the accident Rucker failed in repeated attempts he made to open it by means of the lever. In T. & P. Ry. Co. v. Sprole (Tex. Civ. App.) 202 S. W. 985, this court held, on the authority of cited cases, construing the statute decided by the United States Supreme Court, that testimony that Sprole made repeated efforts and failed to open the coupler there in question by means of the lever provided for the purpose was sufficient to support a finding that the railway company, in using the car, was violating the federal Safety Appliance Act (U. S. Comp. St. § 8605 et seq.). There was better reason for sustaining the railway company's contention in that case than there is for sustaining the contention of appellant in this one, for there the only evidence relied on to show that the coupler was an unlawful one was the testimony that repeated efforts to open it by use of the lever failed, while here, in addition to testimony to that effect, there was testimony that defects specified by witnesses as existing in the coupler in question here would affect its proper operation. The conclusion reached in the Sprole Case was supported, not only by the cases cited therein as authority for it, but is supported more or less directly by Delk v. Ry. Co., 220 U. S. 580, 31 S. Ct. 617, 55 L. Ed. 590; Ry. Co. v. Taylor, 210 U. S. 281, 28 S. Ct. 616, 52 L. Ed. 1061; Payne v. Colvin (C. C. A.) 276 F. 15; Ry. Co. v. McKibbin, 259 F. 476, 170 C. C. A. 452; Nichols v. Ry. Co., 195 F. 913, 115 C. C. A. 601; Ry. Co. v. Powell (Tex. Civ. App.) 252 S. W. 268; Ry. Co. v. Henry, 158 Ky. 88, 164 S. W. 311; Noel v. Ry. Co. (Mo. App.) 182 S. W. 787; Ry. Co. v. Thomas, 21 Ariz. 355, 188 P. 268; and Montgomery v. Ry. Co., 163 N. C. 597, 80 S. E. 83. We see no reason now to doubt the correctness of the ruling in that (the Sprole) case, and regard it as conclusive of the contention of the appellant in this one that the trial court erred in submitting to the jury the issue as to whether the coupler in question here was a lawful one or not.

[2] We do not agree with appellant in its further contention that, if the trial court did not err when he submitted the issue as to the coupler to the jury, he did err when he instructed them with reference thereto as set out above. The grounds of the objection to the instruction were that (1) it was general in its nature, whereas the cause was submitted on special issues; (2) it "was virtually a repetition" of the issue submitted and therefore gave undue prominence to it; (3) it was "upon the weight of the evidence" and "calculated to lead the jury to believe" that in the opinion of the court the lever of the car was in such condition that the knuckles could not be adjusted so as to couple automatically." It is plain, we think, that the instruction was not objectionable on any of the grounds specified.

[3, 4] The jury having found that the failure of appellant to have the car which knocked down and ran over Rucker equipped with a lawful coupler was a proximate cause of the injury to him, it follows from what was said above that we think the judgment should be affirmed, without reference to whether there is merit in appellant's contention that the findings that the trainmen were guilty of negligence in respects specified in the statement above were without support in the testimony or not, unless it should be said, and appellant insists it should be, that it (the judgment) was for an excessive amount, so far as it was for $27,500 for the death of Rucker. The testimony relevant to that matter was that Rucker was 33 years of age at

the time of the accident, had a life expectancy of 33.21 years, and was earning about $150 a month; that he enjoyed good health, was sober and industrious, and worked regularly; that he was divorced from his wife, and in the decree of divorce had been awarded the care and custody of their two children, a girl 4 years old and a boy 6 years old, to whom he was strongly devoted. We repeat here what was said by this court in Baker v. Harmon (Tex. Civ. App.) 254 S. W. 517, with reference to a similar contention, that—

"We have not been referred to and have not found anything in the record indicating that the jury, in estimating the damages, were influenced by anything except the testimony, and therefore we do not think we should say that their estimate was excessive."

And see Ry. Co. v. Lehmberg, 75 Tex. 61, 12 S. W. 838; Hines v. Mills (Tex. Civ. App.) 218 S. W. 777; Ry. Co. v. Howard (Tex. Civ. App.) 200 S. W. 1159.

The judgment is affirmed.