LONIS *v.* LAKE SHORE & MICHIGAN SOUTHERN RAILWAY CO.

RAILROADS—SIGNALS—NEGATIVE TESTIMONY—INSTRUCTIONS.

> Testimony of witnesses who were watching an approaching engine under circumstances which made it improbable that signals could have been given without being heard by them, that no signals were given, is not "negative," so as to entitle the company to an instruction, in an action by one who was struck by the train, that "the positive testimony of witnesses who had opportunity to know that the signals were given should outweigh the testimony of witnesses who did not hear them, unless in some manner their attention had been called to it."

Error to Lenawee; Lane, J. Submitted November 13, 1896. Decided January 5, 1897.

Case by Minor Lonis against the Lake Shore & Michigan Southern Railway Company for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*C. E. Weaver* (*George C. Greene* and *O. G. Getzen-Danner*, of counsel), for appellant.

*Watts, Bean & Smith*, for appellee.

GRANT, J. This case is the companion of *McDuffie* v. *Railway Co.*, 98 Mich. 356. McDuffie was driving, and Lonis was riding in the same wagon with him. The issue in this case is the same as in the other, and the testimony the same, except some discrepancies between the testimony of Lonis and McDuffie upon this trial and that given in the other case. All the propositions, except one, now urged by the learned counsel for the defendant, are substantially the same as were urged in that case. That decision is the law of this case, unless the defendant has

now established facts which were not established in the former case.   Just after the accident, both McDuffie and Lonis made written statements to the agents of the defendant detailing how the accident occurred.   Those statements differed from their testimony given upon the trial.   It was held in that case that this conflict was not so great as to justify the court in directing a verdict for the defendant on the ground of contributory negligence. We find no such conflict in the three versions of the accident as to justify the court in saying that either Mc-Duffie or Lonis was barred of recovery on account of this conflict.   The jury, under proper instructions, were left to determine what credence they would give to the testimony of these parties.

One question which was not raised upon the McDuffie trial is now raised.   The following request was preferred and refused:

"The jury are instructed that, as to the question of the giving of the signals,—as to whether or not the whistle was blown and the bell rung,—the difference between positive and negative testimony is very marked, and the positive testimony of witnesses who had opportunity to know that the signals were given should outweigh the testimony of witnesses who did not hear it, unless in some manner their attention had been called to it."

Five witnesses for the plaintiff swear positively that the signals were not given, and give their reasons why they so testified.   One other witness, John Williams, testified that he was "looking right at the engine," and that he did not hear any bell or whistle.   On cross-examination he said "he did not think he was thinking anything at all about any train coming; that his attention was not called directly as to whether the train whistled or whether it did not, although, being out of doors, he would have heard it, probably, if it had whistled; that he would hardly think the bell would ring without he noticed it at such a time as that,—in fact, he was talking about it right away."   On the part of the defendant, 18 witnesses

testified positively that the signals were given.   We do not think there was negative testimony to which the request would have been applicable.  · The only testimony to which that term could possibly be applied was that of Williams. But he said that he was looking at the engine, was out of doors, and within hearing distance.   It seems improbable, as he testified, that he would not have heard them under these circumstances.   The situation before the jury was one of positive testimony against positive testimony, and their verdict depended upon which they believed. They have said by their verdict that they believed the 5 witnesses for plaintiff, and did not believe the 18 for the defendant.   If there was any remedy for the defendant, it lay with the circuit judge, who saw the witnesses, and was better able than we are to determine whether the jury disregarded the rule as to preponderance of evidence, so as to justify him in granting a new trial.

The judgment is affirmed.

The other Justices concurred.