BALTIMORE & O. R. CO. v. O'NEILL.

(Circuit Court of Appeals, Sixth Circuit. April 19, 1911.)

No. 2,099.

1. RAILROADS (§ 348*)—INJURY TO PEDESTRIAN AT CROSSING—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

Evidence *held* sufficient to show that the headlight was not burning on a locomotive which struck a pedestrian at a street crossing, though the train crew testified it was burning.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 348.*]

2. EVIDENCE (§ 594*)—WEIGHT.

Testimony contrary to reason, or opposed to natural and physical laws, cannot support a verdict.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2431; Dec. Dig. § 594.*]

3. RAILROADS (§ 350*)—INJURY TO PEDESTRIAN AT CROSSING—CONTRIBUTORY NEGLIGENCE—JURY QUESTION.

Whether a pedestrian struck at a street crossing by a train at night was guilty of contributory negligence *held*, under the evidence, a jury question.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 350.*]

In Error to the Circuit Court of the United States for the Northern District of Ohio.

Action by James O'Neill, by his next friend, Daniel O'Neill, against the Baltimore & Ohio Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Kline, Tolles & Morley and A. E. Clevenger, for plaintiff in error.
D. F. Anderson, for defendant in error.

Before SEVERENS and KNAPPEN, Circuit Judges, and SATER, District Judge.

KNAPPEN, Circuit Judge. The defendant in error (hereinafter called the "plaintiff") was struck and injured by a freight engine while walking across defendant's railroad track at the Clay street crossing in Niles, Ohio. Several grounds of negligence were charged, the most prominent being the alleged lack of headlight upon the engine, the failure to give warning of the train's approach by bell or whistle, and the fact that the electric gong at the Clay street crossing was out of commission. The accident happened at about 9:30 o'clock in the evening. There was evidence that the night was dark and cloudy, the electric lamp at the Clay street crossing was not burning, and the electric gong at that crossing was out of commission. The engine in question was the foremost of two engines hauling a long freight train.

The plaintiff testified that about six feet before reaching the crossing he stopped, looked and listened, saw and heard no train, passed on, and just as he was stepping over the further rail was struck by the engine. There was testimony that the engines were "drifting" (the steam being shut off), and were moving at a rate variously estimated at from 5 to 15 or 20 miles an hour; the evidence preponderating in favor of the lower speed. There was also direct testimony that there was no headlight on the engine, and that no whistle or bell was sounded as the crossing was approached. There was a straight, clear track for about 1,300 feet east of Clay street.

At the close of the testimony the defendant moved for direction of verdict in its favor, on the ground that the evidence showed conclusively, as a matter of law, that the plaintiff was contributorily negligent. The court, in an unexceptionable charge, submitted the case to the jury, and instructed them that if the headlight was burning on the engine plaintiff was negligent, and could not recover. The denial of the motion for directed verdict is the only ground urged for reversal.

It is contended: First, that there was not sufficient evidence to create a conflict upon the issue that the headlight was not burning; and, second, that even if the headlight were not burning, the physical and conceded facts conclusively show that the plaintiff was contributorily negligent. We will consider these two propositions in the order stated.

[1] The entire crew of the freight train testified that the headlight was burning, and defendant contends that the testimony to the contrary is merely negative, and so cannot be allowed to override the positive testimony of the trainmen. It is unnecessary to refer to the authorities cited by defendant upon this proposition, for the evidence that there was no headlight is not, in our opinion, merely negative. Two witnesses seated upon a porch which faced the railroad track and only about 40 feet distant therefrom, and at the crossing in question, testified that there was no headlight on the engine, and that the train was not seen or heard by them until after both engines had passed

the porch. The record shows that the railroad track in question was regularly used by pedestrians. Two witnesses, a man and wife, who came upon the track at Olive street, 250 feet east of Clay street, testified that they both looked and listened for the train, but saw and heard none, and that no headlight was burning. Both were looking and listening to avoid danger in walking upon the track. One of these witnesses testified:

"I most certainly can state there was no headlight burning. I could not have failed to see the headlight if it had been lighted."

These witnesses, who were walking toward Clay street, were overtaken by the train soon after leaving Olive street. Another witness upon the track between Clay and Olive streets, and walking toward the latter street, met the train on the way, not seeing the train (as we understand the record) until within 15 or 20 feet of it, at or near which point this witness met the two witnesses who were walking from Olive street toward Clay street. Notwithstanding the positive testimony of the railroad employés that the headlight on the engine was burning, and the alleged improbability that a train such as this would have been run at that time of night without a headlight, we think that, in view of the testimony of other witnesses, who should have seen the light if burning, to the effect that they did not see it, the question was one for the jury. Detroit Southern Ry. Co. v. Lambert (Sixth Circuit) 150 Fed. 555, 80 C. C. A. 357; Lonis v. Railway Co., 111 Mich. 458, 69 N. W. 642; Crane v. Railroad Co., 107 Mich. 511, 65 N. W. 527. It happens that in the three cases we have cited the alleged negligence related to failure to give warning by bell or whistle; but there is no difference in the principle as applied to a headlight.

Coming to the proposition that the physical and conceded facts conclusively show that the plaintiff was negligent, even if the headlight was not burning:

[2] The proposition is too well settled to require more than the merest reference to authority that testimony contrary to reason, or opposed to natural and physical laws, cannot support a verdict. Pennsylvania Co. v. Whitney (Sixth Circuit) 169 Fed. 572, 576, 95 C. C. A. 70. And in this case, notwithstanding the well-settled rule that the credibility of a witness is peculiarly a question for the jury, and cannot be disregarded in the absence of established facts and circumstances with which it cannot be reconciled, it is clear that if we can say from the record that conditions were such in this case that, had the plaintiff looked as he testified, he must have seen the approaching train, or, had he listened for it, he must have heard it, a verdict should have been directed for the defendant. Was the testimony such that we can so say? We are not justified in so holding.

The proposition that the plaintiff, although looking for the train, did not see it, is supported by the testimony of the witnesses we have referred to. There was testimony that the lamp was burning at the Olive street crossing, 250 feet east of the Clay street crossing, yet the three witnesses, two of whom were overtaken by the train, the other of whom met it, near the Olive street crossing, notwithstanding the greater light at that place, were unable, according to their testimony,

to distinguish the train until within 20 or 30 feet from it. The witnesses who were upon the porch of the house near the track did not see the train until both engines had passed the house. We could not, without violating the record, hold that the plaintiff, whose opportunities for seeing the train were less than those of the three witnesses near the Olive street crossing, could have seen the train from the Clay street crossing. The decision of this court in the case of Blount v. Grand Trunk Ry. Co., 61 Fed. 375, 9 C. C. A. 526, is cited to the proposition that, under the circumstances stated, it must be held that the plaintiff could have seen the train. That case is readily distinguished from the one we are considering, for there the night was clear, while here there is testimony that it was cloudy and dark. Under those conditions the extent of straight and clear track cuts but little figure. The plaintiff's testimony that he did not hear the train, although he listened for it, is corroborated by all of the five witnesses mentioned. There was testimony that no steam was escaping from either engine, that the drifting train was slowing down as if for the purpose of stopping at a railroad crossing several hundred feet west of the Clay street crossing, and that it was not heard by the pedestrains upon the track, who especially had it in mind by reason of the danger they incurred in walking there, to say nothing of the fact that its approach was so comparatively quiet that the attention of the witnesses upon the nearby porch was first attracted to the presence of the train, not by the noise, but by seeing before them the freight cars which followed the engines.

[3] In view of the testimony as to the darkness of the night, the lack of headlight on the engine, the absence of light at Clay street, the fact that the electric gong at the crossing of that street was out of commission, the quietness with which the drifting train approached the crossing in question, and the fact that others, whose situation was similar to that of the plaintiff, and whose opportunities for observing the train were in some respects even better than his, failed to see or hear it until within a few feet from it, it was not error to submit the case to the jury. See Texas & Pacific Ry. Co. v. Cody, 166 U. S. 612, 17 Sup. Ct. 703, 41 L. Ed. 1132.

The judgment of the Circuit Court is affirmed.