JOHN SZPYRKA, Respondent, *v.* INTERNATIONAL RAILWAY COMPANY and Another, Appellants.

Fourth Department, June 30, 1925.

Street railways — action to recover for personal injuries suffered by plaintiff when automobile in which he was riding as passenger collided with street car — collision occurred at street intersection as automobile was turning northerly into street on which street car was proceeding southerly — plaintiff contends that explosion occurred at rear truck of street car derailing same and causing it to collide with automobile — defendant contends that automobile collided with rear end of street car derailing it — physical facts and evidence establish that automobile collided with street car — if derailment was caused by outside intervention defendant is not liable in absence of notice of condition or want of due care in discovering it — no presumption of negligence from happening of accident — judgment reversed not only as to street railway company but also as to driver of automobile.

In an action to recover damages for personal injuries suffered by the plaintiff when an automobile in which he was riding as a passenger collided with a street

car at a street intersection as the automobile was turning northerly into the street on which the street car was proceeding southerly, the physical facts surrounding the accident, as well as the testimony of witnesses, destroy the theory of plaintiff that just as the automobile was turning the corner and the street car was about to enter the intersection, an explosion occurred at the rear truck of the street car derailing that truck and causing the street car to collide with the automobile, and support the theory of the street railway company that the automobile was proceeding at a rapid rate of speed and, as it turned the corner, it collided with the rear end of the street car derailing the same, for it was positively proven that the right forward spring of the automobile was crushed in and the journal box on the street car at about the same height as the spring was broken, the axle was bent and the paint on the side of the street car was scratched; and credible evidence was introduced to the effect that there was no electrical apparatus in the rear truck capable of explosion.

While it may seem improbable that a collision between an automobile and a street car would derail the latter, it is not impossible, and the burden was not on the street car company to prove itself free from negligence.

If derailment was caused by some outside intervention, such as an explosive left on the track by another, the street car company would not be liable without proof of notice of the condition or want of due care in discovering it, and there was no proof in this case of any outside intervention.

No presumption of negligence arose from the happening of the accident itself.

The story of an explosion causing the derailment of a street car is, under the circumstances, highly improbable, and where testimony is contrary to reason or opposed to natural and physical laws, it will not support a verdict.

While the judgment against the operator of the automobile might be affirmed, it is evident that he was not defending the case but was assisting the plaintiff, and that the defense on his part was interposed by some indemnitor, and since the controversy with the operator of the automobile is involved with that of the street railway company, the interests of justice demand that there shall be a new trial as to both defendants.

APPEAL by the defendants, International Railway Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Niagara on the 16th day of July, 1924, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the same day denying defendants' motion for a new trial made upon the minutes.

*Cohn, Chormann & Franchot* [*Clarence R. Runals* of counsel], of the appellant International Railway Company.

*Cary, Wallace & Orr* [*George A. Orr* of counsel], for the appellant Thomas Wisz.

*Watts, Hunt & Findlay* [*Francis T. Findlay* of counsel], for the respondent.

DAVIS, J.:

The plaintiff, a passenger in an automobile driven by defendant Wisz, sustained serious injuries in a collision between the auto-

mobile and a street car of the defendant International Railway Company. The accident occurred about midnight, September 15, 1921, at the intersection of Twenty-fourth street and Cudaback avenue in the city of Niagara Falls.

The street car was proceeding south on Twenty-fourth street and the automobile was approaching from the east on Cudaback avenue. It is claimed by the plaintiff that it was the purpose of the driver to turn north into Twenty-fourth street. There was sufficient space east of the street car tracks to make the turn with safety. It is the theory of the plaintiff that just as the automobile reached and was turning the corner and the street car was about to enter the intersection of the two streets, an explosion occurred at the rear truck of the car and the rear end left the track, sweeping down on the east side of Twenty-fourth street and colliding with the automobile.

The theory of the defendant corporation is that there was no such explosion, nor was such an event possible. Evidence is given that the automobile approached at high speed and that Wisz operated it carelessly so that in turning the corner it collided with the street car, striking the journal box on one of the rear axles, driving the rear trucks off the track to the west and breaking a flange on a wheel; and before the car stopped the rear truck crossed the track to the east. It is undisputed that the car was partially derailed and that the rear end was near the curb on the east side of the street when the car came to a stop.

The plaintiff's evidence is to some extent supported by the testimony of friends of plaintiff and Wisz — Struzak, Matthew Sciera and Peter Sciera, who were nearby. None of these, except the boy Matthew, had good opportunity to make observation at the immediate time of the alleged explosion. Struzak gave testimony of hearing a crash and seeing sparks; Matthew tells of hearing a " bang like an explosion " and of seeing " a ball of fire;" and Peter Sciera says he heard " a noise " which he subsequently refers to as " the explosion," and that this preceded the swinging of the car into the street.

The physical facts as well as the testimony of witnesses supported the theory of the defendant corporation. The right forward spring of the automobile was crushed in and the journal box on the car at about the same height as the spring was broken, an axle was bent, and the paint on the side of the car was scratched. The rear truck operated on a king bolt or pivot, which permitted it to swing about and adapt its course to the course of the car and the curves of the track. The car had been in use a considerable portion of the day and had passed back and forth over its route thirty-

eight times without trouble of any kind. It was claimed by plaintiff that the explosion was at the rear truck. It was established by credible evidence that there was no electrical apparatus in the rear truck capable of an explosion. The only electrical apparatus on the car that ever created anything like an explosion, was the occasional blowing out of a fuse under the center of the car, which had no other effect than rendering the car incapable of further operation until a new fuse was installed. The evidence is clear that no fuse blew out for the car was placed back on the track and proceeded to the barn under its own power without a new fuse or other repairs. Subsequent examination by credible witnesses demonstrated that there had been no explosion, and there was no defect in the electrical apparatus. It is quite likely that the noise testified to by plaintiff's witnesses was the crash of the collision and the sparks and fire occurred when the car left the rails. While it may seem improbable that a collision between an automobile and a street car would derail the latter, it is not impossible and the burden is not on defendant to prove itself free from negligence.

The plaintiff called no electrical expert witnesses to show that an explosion of the nature claimed was possible or that anything of the kind had ever happened to any street car causing the trucks to leave the track. If derailment was caused by some outside intervention such as an explosive left on the track by another, the defendant would not be liable without proof of notice of the condition or want of due care in discovering it. (*Ramson* v. *Metropolitan St. R. Co.*, 78 App. Div. 101; affd., 177 N. Y. 578; *King* v. *Interborough Rapid Transit Co.*, 197 App. Div. 15; mod., 233 N. Y. 330.) No such proof was offered.

No presumption of negligence arises from the happening of the accident itself. (*Tully* v. *New York City R. Co.*, 127 App. Div. 688; *Keating* v. *Metropolitan St. R. Co.*, 105 id. 362.) The case was not submitted to the jury on the theory that if the car left the track it was *prima facie* evidence of negligence; but assuming without deciding that the rule of *res ipsa loquitur* might apply here in aiding the plaintiff, the burden to establish negligence still remained with him. (*Slomka* v. *Nassau Electric R. R. Co.*, 191 App. Div. 727; *Robinson* v. *Consolidated Gas Co.*, 194 N. Y. 37. See, also, *Stevenson* v. *Second Ave. R. R. Co.*, 35 App. Div. 474; *Hollahan* v. *Metropolitan St. R. Co.*, 73 id. 164.)

The story of an explosion causing derailment is, under the circumstances, highly improbable. Where testimony is contrary to reason or opposed to natural and physical laws, it will not support a verdict. (*Baltimore & O. R. Co.* v. *O' Neill*, 186 Fed. 13.)

The same rule may be applied where testimony too strongly violates common knowledge and observation; and a higher degree of proof will be required where a party attempts to establish a fact which in the light of common experience seems improbable. (*Cantor* v. *National Surety Co.*, 208 App. Div. 370, 373; *Pearl* v. *Solomon*, 167 N. Y. Supp. 1011.) We recognize that wonders may never cease and that each day new and unusual experiences may be encountered. But when presented in an action for damages for negligence, the proof of such hitherto unknown events must be clear and convincing.

The plaintiff was on a visit to friends. The evening had been spent in recreation, with several calls on other friends. There is some evidence that the plaintiff and the driver of the automobile had been drinking, though perhaps not actually intoxicated. This evidence would bear on the question of their negligence in approaching the corner at that hour of the night, their opportunities for observation, and the speed at which the automobile was operated. (*Lynch* v. *Mayor, etc.*, 47 Hun, 524; *Winfrey* v. *Missouri, K. & T. R. Co.*, 194 Fed. 808; *Rhyner* v. *City of Menasha*, 107 Wis. 201.) The fact is referred to in the charge that the action has been twice previously tried, resulting each time in disagreement of the jury. This emphasizes the doubts by which plaintiff's theory is encompassed.

It may be that the judgment against the defendant Wisz could be affirmed. It is evident that he is not defending but is assisting the plaintiff, and the defense on his part is interposed by some indemnitor. The controversy with this defendant was so involved with that of the defendant corporation that the interests of justice demand that if there should be a new trial as to one, there should be as to both.

For the reason that the verdict is against the weight of credible evidence, the judgment and order should be reversed on the facts and a new trial granted, with costs to appellant International Railway Company to abide the event.

Hubbs, P. J., Clark, Sears and Taylor, JJ., concur.

Judgment and order reversed on the facts and new trial granted, with costs to appellant to abide event.