JOSEPHINE B. HIGGINS, as Administratrix, etc., of ROBERT R. HIGGINS, Deceased, Respondent, v. GEORGE H. MASON, JR., Appellant.

Third Department, June 21, 1929.

*Butler, Kilmer, Hoey & Butler* [*Clarence B. Kilmer, Walter P. Butler* and *Charles L. Hoey* of counsel], for the appellant.

*Wyllys A. Dunham* [*Lawrence B. McKelvey* of counsel], for the respondent.

HILL, J. Plaintiff's intestate died from injuries received in an automobile wreck. The car belonged to defendant, but was being driven by plaintiff at the time. Plaintiff and her husband, with the defendant and his wife, were returning in the late evening from a pleasure trip, when for some reason, either mechanical or because of the manner of operation, the car turned to the left, was capsized in the ditch and wrecked.

The theory upon which the plaintiff has recovered is that, in the morning while the defendant was driving, the car, for some unknown reason, swerved violently to the left, and the right spindle bolt was broken between one and a half and two inches from the top. Experts testified that with such a break, so long as the bolt remained in place, even though broken, the car would steer and drive in a normal manner, but if by vibration it was thrown out of its normal position and upward, then it would not perform its function, and the defective condition would be known to the person driving.

Plaintiff and her attorney of record each testify that defendant admitted that directly after the occurrence of the morning he knew the car was not in normal condition, and that there was danger of a wreck. Defendant disagrees as to the affair of the morning, and denies the statements, but the jury has found for the plaintiff. Plaintiff personally drove the car many miles between

the time of the occurrence in the morning and the wreck in the late evening, and observed nothing unusual.

The broken piece of spindle bolt one and a half to two inches long was found in the wreckage. Upon this fact, together with the claimed admissions, and the evidence of experts, the case was submitted to the jury, upon the theory that the guest did not know, but that the defendant did know, and did not disclose a dangerous and unsafe condition.

Plaintiff argues that the evidence justified the conclusion that defendant knew of the unsafe condition through the steering and handling of the car, and that his admissions indicated a realization of impending danger; that all this was unknown to the other members of the party, because during their management of the automobile, the broken fragment had fallen back into position, and that under such circumstances, the evidence of the experts indicated that the car would function properly.

The spindle, upon which the automobile wheel turns, is a part of and projects from an irregular-shaped piece of steel called the spindle body. Attached to this body is a steering arm about twelve inches long. This is connected by a steel rod with a like arm on the opposite side of the car. This rod is moved by gears responsive to the guiding hand of the driver of the automobile. The axle is divided at each extremity into an upper and lower arm, to accommodate the spindle body, which is attached between these arms by means of a cylindrical piece of steel, three-quarters of an inch in diameter, and seven inches long, called the spindle bolt. It passes through the upper and lower arms of the axle and through a hole in the center of the spindle body, which is thus anchored at top and bottom to the respective arms of the axle. The weight of the car is borne upon this joint. There is mobility in a horizontal direction, to permit the steering of the car. It is rigid, because of the anchoring, so far as a perpendicular movement is concerned. In a cup cast in the upper part of the spindle body is a bearing which gives greater facility to the steering operation. The spindle bolt is locked in position, so far as perpendicular motion is concerned, by a lock bolt passing through a horizontal hole in the spindle body, and fitting a groove made to accommodate it in the body of the spindle bolt. The entire length of the spindle bolt is encased and protected by the steel jacket provided by the spindle body and the two axle arms, except for the space occupied by the roller bearing between the solid part of the spindle body and the lower margin of the upper axle arm. The break occurred in this unjacketed part. This was above the spindle body and below the axle arm, so that the upper anchor

was severed, and the testimony that the car would drive in a normal manner if the fragment remained in place, though broken, but in an abnormal manner if it jolted upward, is counter to natural physical laws, because the function of the bolt was to withstand the thrust and strain resulting from the weight of the car, and a break at this place would destroy all utility, whether the fragment remained in place or fell out.

The evidence of plaintiff's experts has no probative force. "Where testimony is contrary to reason or opposed to natural and physical laws, it will not support a verdict." (*Szpyrka* v. *International Railway Co.*, 213 App. Div. 390, 393; *Baltimore & Ohio R. Co.* v. *O' Neill*, 186 Fed. 13.)

The verdict is against the weight of evidence.

The judgment should be reversed on the law and facts and a new trial granted, with costs to appellant to abide the event.

VAN KIRK, P. J., DAVIS, WHITMYER and HASBROUCK, JJ., concur.

Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.