SAMUEL DANNY SERINA, through His Guardian ad Litem, ANGELO SERINA, Appellant, *v.* NEW YORK RAILWAYS CORPORATION, Respondent.

ANGELO SERINA, Appellant, *v.* NEW YORK RAILWAYS CORPORATION, Respondent.

First Department, May 12, 1933.

*Sol Gelb* of counsel [*Sansone & Gelb*, attorneys], for the appellants.

*Henry J. Smith* of counsel [*Joseph L. Zelaskow* with him on the brief; *Henry J. Smith*, attorney], for the respondent.

MARTIN, J. The complaint alleges that the infant plaintiff was injured while in the act of crossing Fourteenth street from north to south, at the intersection of Avenue A, in the city of New York, by a street car owned by the New York Railways Corporation, the defendant herein; that the car in question was east bound on Fourteenth street and was making a right turn to go south on Avenue A; that the rear truck of the car, instead of taking the curve, continued on the east-bound rail, causing the car to collide with a battery-driven car west bound, near which, it is alleged, the plaintiff was standing. It is important to note that the car did not leave the track.

The defendant did not controvert the fact that the rear truck of the car did not take the curve, but did call seven witnesses, four of whom were disinterested, who positively testified that the infant was " hitching " on the defendant's car when the accident occurred.

Anthony Casale, a disinterested witness employed in an electrical fixture store, testified that he saw the boy " hitching " on the left side of the car and that he saw the boy caught between the back of the green or east-bound car and the front of the red or west-bound car.

Andrew J. Templeton testified to the same effect and stated that he ran over toward the car, picked the boy up and put him into a taxicab and took him to the hospital.

In addition to the testimony of the eye-witnesses that the boy was injured while stealing a ride on the car, there is the important testimony of Dr. Grace Newman, a physician, whose duty it was to take the history of the case, while the boy was under her care in Bellevue Hospital. During that period she was in daily attendance on him. The boy told her that while " hitching " on the trolley car he was squeezed between the two cars.

The appellants contend that the evidence adduced upon the trial presented a question of fact for a jury and, therefore, the court was without power to direct a verdict.

Section 457-a of the Civil Practice Act provides: " The judge may direct a verdict when he would set aside a contrary verdict as against the weight of the evidence."

The respondent contends that by virtue of the provisions of the above section the court properly directed a verdict for defendant because the overwhelming weight of the credible evidence established beyond all doubt that the infant was " hitching " on the car when the accident happened, and that the court would have had to set aside, as against the weight of the evidence, a verdict if rendered in favor of the plaintiffs.

We agree, that if the case was sent to the jury and a verdict rendered for the plaintiffs, it would have been the duty of the court, on the evidence in this record, to set it aside.

In *Matter of Case* (214 N. Y. 199, 203) the court said: " It is still the rule, however, even in this court, that ' insufficient evidence is, in the eye of the law, no evidence.' (*Pollock* v. *Pollock*, 71 N. Y. 137, 153; *Laidlaw* v. *Sage*, 158 N. Y. 73, 94; *Fealey* v. *Bull*, 163 N. Y. 397, 402.) In the words of MAULE, J., in *Jewell* v. *Parr* (13 C. B. 916), ' When we say that there is no evidence to go to a jury, we do not mean that there is literally none, but that there is none which ought reasonably to satisfy a jury that the fact sought to be proved is established.' "

This case comes squarely within the holding of *Higgins* v. *Mason* (226 App. Div. 426, 429), in which it is said: " ' Where testimony is contrary to reason or opposed to natural and physical laws, it will not support a verdict.' (*Szpyrka* v. *International Railway Co.*, 213 App. Div. 390, 393; *Baltimore & Ohio R. Co.* v. *O'Neill*, 186 Fed. 13.) "

When the surrounding facts so clearly demonstrate that the accident could not have happened in the manner described by the plaintiffs' witnesses, and when it is shown by the evidence of several disinterested witnesses that the accident was the result of negligence on the part of the infant plaintiff, it should be within the power of the court to dispose of the case by directing a verdict. Any verdict in favor of plaintiffs founded upon the evidence in this record would have to be set aside. The court is not required to sit silently by and blindly accept as true the testimony offered by a litigant.

We are not unmindful of the numerous decisions holding that where there is a question of fact the jury must pass upon that question. When, as here,. testimony of the plaintiffs' witnesses describes the happening of the event in a manner that was physically impossible, and where the overwhelming evidence of the defendant clearly shows that there is no liability on the part of the defendant, the court should dispose of the case by directing a verdict. In such a case there is no evidence to go to the jury, because there is none that ought reasonably to satisfy a jury that the facts sought to be proved have been established.

A similar ruling in the Surrogate's Court has been upheld in *Matter of Nicholas* (216 App. Div. 399; affd., 244 N. Y. 531); *Matter of Stern* (235 App. Div. 60, 66, affd., 261 N. Y. 617); *Matter of Burnham* (234 id. 475, 478).

In *Getty* v. *Williams Silver Co.* (221 N. Y. 34) the court said: " If, in the discretion of the court, a verdict *may* be set aside, the parties are not thereby deprived of a jury trial. It is only when a verdict for the plaintiff *must* be set aside as unsupported by sufficient evidence that a verdict for the defendant should be directed or the complaint dismissed."

The weight of the credible evidence in this case was overwhelmingly in favor of the defendant, to the effect that the boy was " hitching " on the car when the accident happened and that he was injured because of his negligence. There being no evidence sufficient to sustain a verdict for the plaintiffs, the trial court was justified in directing a verdict in favor of the defendant. (*Demarest* v. *Westchester Fire Ins. Co. of N. Y.*, 234 App. Div. 556; appeal dismissed, 259 N. Y. 627.)

The judgments should, therefore, be affirmed, with costs.

FINCH, P. J., and TOWNLEY, J., concur; McAVOY and O'MALLEY, JJ., dissent and vote for reversal and new trials.

O'MALLEY, J. (dissenting). Upon the argument respondent's counsel conceded that a question for the jury was presented unless the triers of the fact were bound to accept respondent's claim that

the wheels of the rear truck of the east-bound car remained on the rails of the east-bound track. The plaintiffs' evidence tended to show that the wheels of the rear truck of the defendant's east-bound car not only failed to take the curve, but in fact left the rails of the track. This being so, the jury were justified in finding that the rear of the east-bound car at the time of the accident had reached a point much nearer the westerly crosswalk of Fourteenth street than contended for by the defendant. In addition, the testimony of the motorman of the west-bound car tended to support the plaintiffs' claim that the accident happened at or near the westerly crosswalk of Fourteenth street.

It follows, therefore, that the judgments should be reversed and new trials granted.

McAvoy, J., concurs.

Judgments affirmed, with costs.