ANTHONY P. RUSIN, Appellant, v. FREY & HORGAN CORPORATION, Respondent. — In an action by a seller's assignee to recover damages for the breach of each of four contracts for the sale of oil by plaintiff's assignor to the defendant-respondent, order denying plaintiff's motion for summary judgment and granting defendant's motion for summary judgment, and judgment entered thereon, severally reversed on the law, with ten dollars costs and disbursements to plaintiff; defendant's motion denied, with ten dollars costs, and plaintiff's motion granted, with ten dollars costs. Case remitted to the Special Term for the purpose of assessing damages pursuant to rule 113 of the Rules of Civil Practice. Upon the undisputed proofs there was a breach of each contract by the defendant purchaser in the failure of the latter to give shipping instructions to the seller. Such instructions, although not expressly required by its terms, were implicitly required by each contract by reason of custom and usage in the trade, proved by plaintiff's affidavit and not effectually denied by the defendant, which merely claimed, in effect, that such custom and usage could not be invoked in construing the given contract. The sole question for determination relates to the amount of plaintiff's damages. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

HENRIETTA STONE, Respondent, v. GREAT EASTERN STAGES, INC., Appellant, and SUN PRINTING AND PUBLISHING CO., INC., Defendant.— Action to recover damages for injuries sustained when appellant's automobile bus struck a sidewalk newsstand, causing it, in turn, to strike plaintiff. Judgment affirmed, with costs. No opinion. Hagarty, Davis, Johnston and Close, JJ., concur; Taylor, J., dissents and votes to reverse and dismiss the complaint, with the following memorandum: The evidence adduced by plaintiff as to the manner in which the accident happened was incredible as matter of law and raised no issue. It was physically impossible for the accident to have happened in the manner described in such evidence. (*Hudson* v. *R.*, *W. & O. R. R. Co.*, 145 N. Y. 408, 412; *Szpyrka* v. *International Railway Co.*, 213 App. Div. 390, 393; *Fiddler* v. *N. Y. Central & H. R. R. R. Co.*, 64 id. 95, 100; *vide*, also, *McRorie* v. *Monroe*, 203 N. Y. 426, 434, and *Matter of Harriot*, 145 id. 540, 546.) The actual demonstrations and measurements put in evidence by appellant destroyed any probative or evidentiary value of the estimates and conjectures of plaintiff and her witness, and left no issue of fact in the case. (*Lalor* v. *City of New York*, 208 N. Y. 431, 434.) The happening of the accident, in my opinion, is consistent only with appellant's theory of the cause thereof, based upon the testimony of its witness, Wheeler, a Long Island Railroad police officer. (Fols. 515–520.)