■ In the Matter of QUEENS COUNTY BAR ASSOCIATION, Petitioner. MILTON M. KARPEL, Admitted as MILTON MURRAY KARPEL, Respondent.— Motion referred to the court that rendered the decision. Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur. Motion to vacate order of disbarment and for other relief denied. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.

■ LEONARD KELLER et al., Individually and as Copartners of AMSTERDAM SLAT CO., Respondents, v. FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM DAVIDSON, Appellant.— Motion referred to the court that rendered the decision. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur. Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals dismissed, without prejudice to an application to a Judge of the Court of Appeals or to a Justice of this court for certification that a question of law is involved which ought to be reviewed by the Court of Appeals; pursuant to subdivision 1 of section 520 of the Code of Criminal Procedure. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Pette, JJ., concur.

■ BILLY T. WARDLOW, Respondent, v. JEARL BARRETT, Appellant, et al., Defendants.— Motion by respondent for further reargument denied, with $10 costs. Motion for leave to appeal to the Court of Appeals denied. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

■ JAMES BASHAM, Appellant, v. PENNSYLVANIA RAILROAD COMPANY, Respondent.— In an action under the Federal Employers' Liability Act (U. S. Code, tit. 45, § 51 et seq.), the plaintiff appeals from a judgment of the Supreme Court, Kings County, entered February 5, 1958, dismissing the complaint after the court had set aside a jury's verdict in his favor. Plaintiff claimed that the movement of a wheel-pit platform, upon which he was working, threw him off balance and caused him to lose his grip upon a 110-pound spring which fell on his hand, causing the injuries complained of. The verdict in plaintiff's favor was set aside upon the ground that there was uncontroverted proof that the platform could not move. Judgment affirmed, without costs. Beldock, Acting P. J., Christ, Pette and Brennan, JJ., concur; Kleinfeld, J., dissents and votes to reverse the judgment and to reinstate the verdict, with the following memorandum: In my opinion, there is sufficient proof in the record that the platform actually moved. So long as the record contains any reasonable basis to support the plaintiff's version of the accident, the direction of a verdict in defendant's favor is improper although " there is evidence tending to show that it was physically and mathematically impossible " (Lavender v. Kurn, 327 U. S. 645, 652; see Serina v. New York Rys. Corp., 266 N. Y. 552, revg. 238 App. Div. 302). The conceded fact that the platform, which was on wheels, was supporting a weight of 80 tons, does not render movement impossible, in the absence of proof that the 80-ton pressure was applied perpendicularly to the platform's center of gravity.